Barney, J.,
delivered the opinion of the court:
This is the claim of a paymaster in the U. S. Navy for 10 per cent increase of his pay during the time occupied by him in returning to the United States after his detachment from service beyond the seas in the Philippine Islands.
This court decided in the cáse of Gearing v. United States (46 C. Cls., R. 187) that naval officers while returning home from shore duty at foreign stations are entitled to the additional 10 per cent allowed by law to officers of the Army. It is conceded by the Government that under that decision the claimant would be entitled to recover in this suit were it not for the fact that the orders detaching him from service beyond the seas were modified so as to allow him to return via Suez, with permission to delay two months en route. This order and its modification, in effect (and it may be said as a matter of fact), gave this officer a leave of absence for 60 days. Section 1265, Eevised Statutes, provides as follows:
“ Officers when absent on account of sickness or wounds, or lawfully absent from duty and waiting orders, shall receive full pay; when absent with leave for other causes, full pay during such absence not exceeding in the aggregate 30 days in one year, and half pay during such absence ex *370 ceeding 30 days in one year. Wben absent without leave, they shall forfeit all pay during such absence, unless the absence is excused as unavoidable.”
The act of July 29, 1876 (19 Stat., 102), provides:
“Be it enacted, etc., That an (1) act approved May 8th, 1874, in regard to leave of absence of Army officers, be, and the same is hereby, so amended that all officers on duty shall be allowed, in the discretion of the Secretary of War, 60 days’ leave of absence, without deduction of pay or allowance : Provided, That the same be taken once in two years: And provided further, That the leave of absence may be extended to three months if taken once only in three years, or four months if taken only once in four years. This act shall take effect from and after its passage.”
The findings show that at the time of the issuance of the order detaching the claimant from service beyond the seas and its modification he had under the statute just quoted four months’ leave of absence due him. Hence the question for decision in this case seems to be, What was the status in the service of the claimant at the time the above order was issued so far as relates to his pay; was he technically and within the law still on duty beyond the seas? It will not be contended that while still on active duty in the Philippine Islands the claimant might have taken and been allowed the leaves of absence to which he was entitled under the act of July 29, 1876, above quoted, without any reduction in his pay as for duty beyond the seas. It seems, however, he preferred to allow such time for leave of absence to accumulate till an order should come for his detachment from such service.
It was decided by this court in the Gearing ease {supra) that naval officers while on shore duty beyond the limits of the United States were still entitled to the benefit of the act of March 2,1901 (31 Stats., 903), giving officers of the Army an increase of pay of ten per centum while on similar duty, and which provides that “ the time of such service shall be counted from the date of departure from said States to the date of return theretoP
In legal effect it may be said to have been decided in that case that the duty status of the claimant remained the same *371 for all purposes until Ms return home, i. <?., that his detachment from service beyond the seas did not take effect until his return. If his status continued until his return if he had returned with all convenient speed, why should it not so continue during the delay taken in return, if such delay was allowed him as leave of absence and he was entitled to it under the law? We think it did. In other words, we tMnk his status as to pay remained as of service beyond the seas until he reached home, if in the meantime he obeyed orders and was witMn his right.
' It would seem, indeed, unjust so to construe the law as to deprive a naval officer of the right to allow his time for leave of absence to accumulate while on service beyond the seas to enable him to employ it for the very laudable purpose of visiting foreign countries on his return, and still retain his pay status during such time.
It is contended by the defendants that under the decision of tMs court in Roberts v. United States (44 C. Cls., R. 411) the plaintiff is not entitled to recover in this suit. The claimant in that case was a naval constructor in the Navy, and it was decided that the Navy personnel act (30 Stat. L., 1007) did not apply to that branch of the naval service, and hence the question of rate of pay in that case depended upon a Navy regulation alone. For that reason that case has no application in the decision of the questions involved in this case, as the plaintiff comes within the express terms of that act.
Judgment is ordered for the claimant in the sum of $92.23.